DENNIS (UNITED STATES v.). See Case No. 14,949.

---

## Case No. 3,798.

### DENNISON v. LARNED.

[6 McLean, 496.][1]

Circuit Court, D. Michigan. June Term, 1855.

NEGOTIABLE NOTES — BLANK INDORSEMENT—FEDERAL JURISDICTION—CITIZENSHIP.

1. A note with a blank indorsement authorizes the holder to receive the amount as the prima facie owner, and to sue the indorser by filling up the indorsement.

2. When the action is brought against the indorser by the indorsee, the action is maintainable in this court, though the assignment was made by a citizen of Michigan to a citizen of New York.

Mr. Hand, for plaintiff.
Mr. Clark, for defendant.

OPINION OF THE COURT. This suit is brought on a note given by Roloefson to defendant, for the payment of fifteen hundred dollars at Lyell's Bank, in Detroit. The note was not paid at maturity, and it was protested. It seems that the note was given for the accommodation of the defendant. The

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

note was the property of Fields & Stephens, who left it at Lyell's Bank for collection; after protest it was returned to the holders. The note was then sold to plaintiff, with whom the firm of Fields & Stephens do a large business in New York. The defense is, that Fields & Stephens are still the owners of the note, and that it was handed over to the plaintiff to bring suit in this court. It was proved by Stephens, that this firm, having large dealings with the plaintiff, in New York, the note was assigned to him, and charged to his account. This action being brought by the indorsee against the indorser, there can be no objection to the jurisdiction of this court. The indorsement by Fields & Stephens was made by the defendant in blank when the note was handed to the bank for collection, as an authority to the bank to receive the proceeds. The note having been returned to the owners, they filled up the blank indorsement, to the plaintiff. This they had a right to do; or if the note was sold to the plaintiff with a blank indorsement, the plaintiff, being the holder of the note, had a right to fill the blank indorsement at any time during the trial or before it. It is proved that the defendant applied to Stephens to intercede with the plaintiff for indulgence in the payment.

The jury found for the plaintiff. Judgment.